UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Harold Benny Jewell,

Petitioner,

vs. REPORT AND RECOMMENDATION

Ricardo Chavez,
Warden F.P.C. Duluth,

Respondent. Civ. No. 01-593 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 27th day of August, 2001.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus, see Title 28 U.S.C. §2241. The Petitioner has appeared pro se, and the Defendant has appeared by Steven P. Logan, Assistant United States Attorney. For reasons which follow, we recommend that the Petition be dismissed, as we are without jurisdiction to entertain its merits.

II. Procedural and Factual History

The Petitioner is a Federal prisoner, who is currently incarcerated at the Federal Prison Camp in Duluth, Minnesota, where he

FILED AUG 27 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

is serving a 240-month sentence, which was imposed by the District Court for the Eastern District of Wisconsin, after a Jury found him guilty of: conspiracy to possess with intent to distribute cocaine, in violation of Title 21 U.S.C. §846 and Title 18 U.S.C. §2; interstate travel to facilitate unlawful activity, in violation of Title 18 U.S.C. §§2 and 1952; and possession with intent to distribute cocaine, in violation of Title 21 U.S.C. §841(a)(1) and Title 18 U.S.C. §2. See, Government's Response, at Attachment A. The Petitioner initially received a sentence of thirty years, but he challenged that sentence in a direct appeal to the United States Court of Appeals for the Seventh Circuit, which remanded the case for resentencing. See, United States v. Jewel, 947 F.2d 224, 235-36 (7th Cir. 1991). On remand, the District Court imposed the 240-month sentence, which the Petitioner is currently serving, on February 22, 1993. Government's Response, at Attachment A. The Petitioner's recomputed sentence was not directly appealed.

In order to place his current Habeas claim in context, the Petitioner now alleges that the Sentencing Court, on remand, improperly enhanced his sentence, under U.S.S.G. §3B1.1,[1] by attri-

---

[1]Section 3B1.1 provides as follows:

> Based on the defendant's role in the offense, increase the offense level as follows:

(continued...)

buting to him an aggravating role which, he contends, the facts adduced at his sentencing Hearing did not support. Specifically, the Petitioner contends that his sentence received a two level

---

[1](...continued)

> (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
>
> (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
>
> (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

Notably, this Section did not define the meaning of an "organizer," a "leader," a "manager," or a "supervisor," and the Courts of Appeals had rendered interpretations which were in conflict. As a consequence, by Amendment 500, the United States Sentencing Commission sought to clarify the meaning of the Section, without changing the language of the Guideline, and promulgated a new Note 2 in the Commentary to Section 3B1.1, which provides as follows:

> 2. To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants. An upward department may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization.

This Amendment had an effective date of November 1, 1993.

enhancement, under Section 3B1.1, because of his role in the offense of which he was charged. He further contends that the considerations, which the Sentencing Court applied in reaching that upward adjustment of two levels, were subsequently nullified by Amendment 500, to Section 3B1.1, which became effective on November 1, 1993, some nine months after his resentencing. Since, in the Petitioner's current view, Amendment 500 would have resulted in a shorter sentence, the Sentencing Court is alleged to have erred in imposing the 240-month term of imprisonment.

Notwithstanding the Petitioner's current argument, he has been less than swift in drawing the substance of his claim to the attention of any Court. As the Record before us documents, on February 12, 1996, the Petitioner filed his first Motion, under Title 28 U.S.C. §2255, but that Motion included only a double jeopardy challenge which arose from the fact that, according to the Petitioner, the conduct, which resulted in his imprisonment, also resulted in a civil forfeiture of certain of his property. The Motion was denied on July 17, 1996, as being without merit, see, Petitioner's Appendix, at A-5 through A-7, and that denial was not appealed. Subsequently, on March 17, 1997, the Petitioner filed a second Section 2255 Motion but, because the Motion was successive, the District Court dismissed that Motion, on March 19, 1997, as the Petitioner had failed to obtain leave to file the successive Motion

from the United States Court of Appeals for the Seventh Circuit, as is required by Title 28 U.S.C. §2255. Id. at A-8. On April 3, 1997, the Petitioner was denied a Certificate of Appealability from the District Court, which prompted his Motion to Appeal, in forma pauperis, to the United States Court of Appeals for the Seventh Circuit. Id. at A-9.

By Order dated September 9, 1997, the Court of Appeals denied the Petitioner's request for a Certificate of Appealability, but expressly advised that, "[i]f the petitioner wishe[d] to submit an application for leave to file a successive motion under 28 U.S.C. §2255, he must do so according to the provisions of Circuit Rule 22.2." Id. at A-10. Apparently in response to that directive, the Petitioner applied to the Court of Appeals for an "order authorizing the district court to consider a second or successive motion pursuant to 28 U.S.C. §§2255 & 2244(b)(3)." Id. at A-11. The application, under Section 2244(b)(3), was denied because the Petitioner failed to show that his claim relied upon "a new rule of constitutional law made retroactive by the Supreme Court, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and established by clear and convincing evidence that no reasonable fact finder would have found him guilty." Id.

As to the Petitioner's application under Section 2255, the Court of Appeals concluded, citing Hope v. United States, 108 F.3d 119, 120 (7th Cir. 1997), that "[a] petitioner may not challenge his sentence (as opposed to his conviction) in a second or successive motion under §2255." Petitioner's Apprendix, at A-11.[2] Undaunted, the Petitioner then filed, on April 2, 1999, a Motion for Reduction of Sentence, pursuant to Title 18 U.S.C. §3582, on the ground that the Sentencing Court had failed to apply Amendment 500 at the time of his resentencing, on February 3, 1993, since his resentencing preceded the effective date of Amendment 500, by some nine months.

---

[2]In practical effect, the same rule obtains in this Circuit. See, United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001)("Even if [defendant] had produced new and convincing evidence that he is actually innocent of the sentence imposed, which he did not, he could not prevail because we have held that the actual-innocence exception does not apply to noncapital sentences."), citing Embrey v. Hershberger, 131 F.3d 739, 740-41 (8th Cir. 1997)(en banc)("[I]n noncapital cases the concept of actual innocence is 'easy to grasp,' * * * because 'it simply means the person didn't commit the crime, United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993)."), cert. denied, 525 U.S. 828 (1998).

Here, however, we wish to make plain, that the Petitioner has not advanced a competent showing, that there is a responsible basis upon which to conclude that the Sentencing Court erroneously determined his sentence, under U.S.S.G. 3B1.1, at the time of his resentencing. We recognize that the Petitioner now takes exception to the evidence the Sentencing Court reviewed, as well as the Sentencing Court's findings, based upon that evidence -- inclusive of the Sentencing Court's credibility determinations -- but he bases those exceptions upon citations to a Record that is not before this Court, and which cannot be independently verified. Accordingly, his proffered "proof" is incompetent.

On May 25, 1999, the District Court denied the Petitioner's Motion for a Sentence Reduction and, on December 27, 1999, that decision was affirmed by the United States Court of Appeals for the Seventh Circuit. See, Government's Response, at Attachment A; see also, United States v. Jewell, 202 F.3d 275, 1999 WL 1278002 **1 (7th Cir., December 27, 1999). In affirming the District Court, the Court of Appeals determined that Amendment 500 was not retroactive, for purposes of Title 18 U.S.C. §3582, as that Amendment is not listed, in U.S.S.G. §1B1.10(d), as having retrospective application. United States v. Jewell, supra at **1, citing United States v. Ebbole, 8 F.3d 530, 539 (7th Cir. 1993), cert. denied, 510 U.S. 1182 (1994).[3] Therefore, the Court determined that the Peti-

---

[3]As reflected, in the Court's decision in United States v. Auman, 8 F.3d 1268 (8th Cir. 1993), we conclude that our Court of Appeals would have decided this issue as was decided by the Court of Appeals for the Seventh Circuit. In Auman, the Court explained the framework of a sentence reduction, under Section 3582, as follows:

> An amendment to the Guidelines may not be applied retroactively, however, unless the Sentencing Commission has expressly designated it as one that may be applied retroactively. See 18 U.S.C. §3582(c)(2); U.S.S.G. §1B1.10 (a). Eligibility for consideration under 18 U.S.C. §3582(c)(2) is triggered only by an amendment listed in §1B1.10(d). See U.S.S.G. §1B1.10, comment. (n. 1). At the time the district court denied Auman's motion, the amendment on which Auman seeks to rely was not designated as an amendment that could be used

(continued...)

tioner's request for a Sentence Reduction, on the ground that Amendment 500 had retroactive application, was without merit. In addition to the foregoing procedural moves, the Petitioner also requested the Court of Appeals to recall the mandate in his original case, but the Court of Appeals denied that request.

In his current application for Habeas relief, the Petitioner seeks another review of his sentence but, on this occasion, through the vehicle of a Petition for Writ of Habeas Corpus under Title 28 U.S.C. §2241. The Petitioner contends that he should be allowed to proceed under Section 2241, as Section 2255 is "inadequate or ineffective" to test the legality of his detention since his first Section 2255 Motion was denied, and the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, Title I, 110 Stat. 1220, which amended Section 2255, has erected a gatekeeping mechanism that effectively prevents him from filing a successive Section 2255 Motion. He also argues that the AEDPA's bar to bring-

---

[3](...continued)

> retroactively to lower a defendant's sentence. Consequently, when the district court entered the order of May 12, 1992, from which the instant appeal was taken, it had no jurisdiction under §3582(c)(2) to lower the defendant's sentence based on the amended commentary.

Id. at 1271-72.

ing his second claim violates the Ex Post Facto Clause. We are not so persuaded.

III. Discussion

Upon our careful review of the Petition, we conclude that we are without the requisite jurisdiction, under Title 28 U.S.C. §2241, to address the claims that the Petitioner now seeks to raise. The law is settled that challenges to the lawfulness of a conviction, or to a sentence -- rather than to the lawfulness of the execution of a sentence -- are generally not reviewable by the Habeas mechanism but, rather, should be submitted to the Sentencing Court in a Section 2255 Motion. See, Title 28 U.S.C. §2255; DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983). Before the 1948 enactment of Section 2255, Federal prisoners, who sought to advance a collateral attack on their convictions or sentences, were required to file Petitions for Habeas Corpus in the District Court for the District in which they were incarcerated. As a consequence, those challenges were unduly concentrated in those relatively few Districts that contained Federal prisons. Section 2255 was enacted in order to change the venue of post-conviction proceedings, which would be initiated by Federal prisoners, from the District of incarceration, to the District in which the prisoner had been sentenced, thereby ensuring a more even distribution of Federal post-

conviction proceedings. See, United States v. Hayman, 342 U.S. 205, 212-19 (1952).

In an apparent recognition of the constitutional questions which might arise from totally foreclosing the availability of Habeas relief, Congress created a safety valve, within Section 2255, by expressly permitting a Federal prisoner to mount an attack upon his conviction by means of a Habeas Petition, if it appeared that a Section 2255 Motion "[would be] inadequate or ineffective to test the legality of [the prisoner's] * * * detention." Title 28 U.S.C. §2255. According to our Court of Appeals, a would-be Habeas Petitioner bears the burden of demonstrating, as a precondition to applying for Habeas Corpus, that the remedy in the sentencing Court is inadequate or ineffective. DeSimone v. Lacy, supra at 323.

Courts have construed the "inadequate or ineffective" safety valve narrowly, so as to prohibit a Court, in the District in which the prisoner is confined, from second-guessing the sentencing Court, as well as the Court of Appeals to which that Court is responsible, or from engaging in an end-run around the procedural strictures that Congress set forth in Section 2255. Ordinarily, "the remedy afforded by §2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, * * * or because an individual is procedurally barred from filing a §2255 motion." In re Vial, 115 F.3d

1192, 1194 n. 5 (4th Cir. 1997); see also, Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), cert. denied, 488 U.S. 982 (1988); cf., Johnson v. Petrovsky, 626 F.2d 72, 73 (8th Cir. 1980)(holding that prisoner, who was denied relief under Section 2255, was precluded from raising same grounds in Habeas Petition under Section 2241).

Here, the Petitioner makes no showing that Section 2255 is an ineffective means to challenge his detention. As noted, the Petitioner challenges the Sentencing Court's application of the sentence enhancement, under U.S.S.G. §3B1.1, and contends that Section 2255 specifically provides for relief when "the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." Thus, as the Respondent correctly argues, "[t]o the extent that the Petitioner's argument attacks the validity of his sentence and not the conditions of his confinement, that argument is properly raised under 28 U.S.C. §2255." Government's Response at 4.

Absent from the Petitioner's showings is any competent explanation as to why the claim, that he currently seeks to raise, was not advanced in his initial Section 2255 Motion, which was filed over two years after the effective date of Amendment 500, or why

that claim was not thereby waived by that failure.[4] We are mindful of the Petitioner's conclusory assertion that, as a pro se litigant, he should not be expected to advance all of his post-conviction claims in a single Section 2255 Motion, but should be afforded liberal allowance to submit his post-conviction claims,

---

[4]The Petitioner voices an extended argument, as to his presentment of his first Section 2255, which made no reference to the claim he presents here, as the product of his pro se status. He does not so much as intimate that there was any objective basis for his failure to incorporate, in that Motion, arguments that, he claims, he registered with the Sentencing Court two years before. Plainly, he offers no proof that his failure to advance such an argument, when the opportunity presented itself in his first Section 2255 Motion, on a basis external to him. See, McClesky v. Zant, 499 U.S. 467, 497 (1991). We find unconvincing the Petitioner's assertion that his failure to assert the claim, that he now presents, should be benignly overlooked.

Nor are we impressed with the Petitioner's argument that, until the Court's decision, in United States v. Fones, 51 F.3d 663, 669 (7th Cir. 1995), the Seventh Circuit had not expressly recognized that Amendment 500 effectively "nullifie[d]" the prior law of that Circuit and that, therefore, the Sentencing Court erred in not foreseeing the clarification enunciated in that Amendment. Notably, Fones was decided nearly a year before the Petitioner's first Section 2255 Motion, and the Petitioner offers no reason to explain why the issue, that he currently presents to this Court, was not presented to the Sentencing Court. By every appearance, the Petitioner believes that, in representing himself, he has the liberty to select, for his own personal reasons, those issues that he wished to prosecute, in his first Section 2255 Motion, without prejudice to his right to subsequently pursue alternative bases for a subsequent Motion. Understandably, he offers no legal support for that position, and we can find none.

when, and in such manner, as he should choose. Understandably, he offers no support for such an assertion.[5]

As a consequence, we are hard-pressed to discern any basis upon which to conclude that the Petitioner's remedy, under Section 2255, was either "inadequate or ineffective." As our Court of

---

[5]Quoting the Petitioner:

> Amendment 500 was issued on November 1, 1993, prior to the filing of Jewell's first 2255 motion, thus, under Davis [v. United States, 417 U.S. 333, 343 (1974)] the issue presented herein was <u>technically</u> available to Jewell for inclusion in his first 2255 motion. But the issue was not <u>reasonably</u> <u>available</u> to Jewell because of the affect of the res judicata bar had on Jewell. It is an extremely intricate area of the science of law that the doctrine of res judicata can be avoided. Only a prisoner proceeding pro se who retains such knowledge would even know to research the issue of 3B1.1 and be lead to Amendment 500. It was only after Jewell met the assisting inmate writing this brief that he became aware of the issue <u>and</u> the procedure to obtain relief.

<u>Petitioner's Memorandum</u>, at p. 20 [emphasis in original].

The Petitioner does nothing, however, to explain why he did not concentrate his post-conviction efforts on Section 3B1.1 if, as he now claims, both he and his Trial attorney were convinced that the Sentencing Court was wrong in its interpretation of that provision, and that a proper construction of the provision would have shortened the length of his sentence. Rather, the Petitioner expended his Section 2255 request for relief on an issue that the Sentencing Court found to be "frivolous," and notwithstanding the fact that, as the Petitioner now admits, his present claim was equally available to him at that time.

Appeals detailed, in United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000):

> While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases from our sister circuits make clear that more is required than demonstrating that there is a procedural barrier to bringing a §2255 motion. * * * Specifically, the §2255 motion is not inadequate or ineffective merely because §2255 relief has been denied, * * * or because the petitioner has been denied permission to file a second or successive §2255 motion, * * * or because a second or successive §2255 motion has been dismissed, * * * or because petitioner has allowed the one year statute of limitations and/or grace period to expire * * *.

[Citations omitted].

Given the procedural background to this Petition, all of the foregoing circumstances, which Lurie found insufficient to render a Section 2255 Motion "inadequate or ineffective, apply to the Petitioner's past, and present, futile attempts to seek Habeas relief. In Lurie, the Court affirmed the District Court's summary dismissal of Lurie's Habeas attempt, explaining as follows:

> "It is the petitioner's burden to establish that his remedy under §2255 is inadequate of ineffective," * * *, yet Lurie offers no credible evidence to establish that his claims could not have been brought within the grace period of §2255. "The one-year period provided him with reasonable opportunity to file for relief; and if that time period has expired, it is the result of his own doing and not due to any inadequacy in the statute."

Id. at 1078, quoting Charles v. Chandler, 180 F.3d 753, 756, 758 (6th Cir. 1999).

As in Lurie, here the Petitioner has not "actually demonstrated that a §2255 motion is inadequate or ineffective," as "all of the claims asserted here, including the [Petitioner's] claim of actual innocence, could have been maintained in a timely §2255 Motion or on direct appeal." Id. at 1077-78 [emphasis in original].[6]

Although not cited by any party, we find the Court's analysis, in Jones v. United States, 178 F.3d 790 (6th Cir. 1999), vacating, in part, 161 F.3d 397 (6th Cir. 1998), to be apposite. In Jones, after granting the Petitioner, in a Section 2255 case, a remand for resentencing, in order that the Sentencing Court could apply Amendment 500 to the Petitioner's sentence, the Court reconsidered that issue, upon the Government's Motion for a Rehearing. On reconsideration, the Court vacated its earlier remand directive, reasoning as follows:

> Whether we consider Jones's argument as an attempt to relitigate or an argument that he waived, that argument cannot be entertained in a §2255 motion. We first note that there was no intervening change in the law in this case;

---

[6]As we have previously noted, see footnote 2, infra, the Petitioner's claims of "actual innocence," are not merely conclusory, they go to the duration of his noncapital sentence, and not to his "actual innocence" of the crimes of which he was found guilty. Indeed, the Petitioner flatly admits that he committed the offenses of which he was convicted. See, Petitioner's Memorandum, at p. 21; Petitioner's Reply, at p. 5. As such, his bald assertions of "actual innocence," are legally insufficient to invoke the "miscarriage-of-justice" exception to the Habeas finality rules. See, United States v. Wiley, supra at 752.

> Amendment 500 became effective November 1, 1993, one month prior to Jones's direct appeal. Jones therefore could have raised this specific argument on direct appeal; in addition this court had the benefit of Amendment 500 when we affirmed Jones's sentence. Moreover, an error in the application of the Sentencing Guidelines does not warrant collateral relief under §2255 absent a complete miscarriage of justice. * * * Jones's claim falls short of exhibiting exceptional circumstances or indicating a "complete miscarriage of justice." Accordingly, we find no reason to allow Jones to relitigate this claim or excuse his waiver for failing to make this specific argument at the time of his direct appeal.

Id. at 796.

Although the Petitioner, here, did not have a basis to raise his Amendment 500 argument on direct appeal, he did have a full opportunity to assert the specific argument, that he attempts to advance here, on his first Section 2255 Motion. Accordingly, we conclude that the Petitioner waived that claim by failing to timely assert it.

As a final argument, the Petitioner contends that the AEDPA violates the Ex Post Facto Clause of the Constitution, and thus, that the AEDPA's procedural bar to his bringing a second Section 2255 Motion makes Section 2255 "ineffective," thereby allowing him to raise his claim under Section 2241. At first blush, we regard the argument as make-weight, as our Court of Appeals decided, in Vancleave v. Norris, 150 F.3d 926, 927 (8th Cir. 1998), the "ADEPA's

restrictions on successive habeas petitions govern this petition because it was filed two months after the statute's effective date." The Court went on to hold that "[t]hese restrictions are not an unconstitutional suspension of the writ of habeas corpus." Id.; cf., Boykin v. United States, 242 F.3d 373, 2000 WL 1610732 **1 (8th Cir., October 30, 2000)[Table Decision]. There, however, the Court was not confronted with an ex post facto challenge.[7]

---

[7]The Ex Post Facto Doctrine is narrowly construed. See, Collins v. Youngblood, 497 U.S. 37, 41-52 (1990). Ex post fact laws are those that punish "as a crime, an act which was innocent when committed; or which, after a crime has been perpetrated, changes the punishment and renders it more onerous; or which strips away a defense that was available at the time when the defendant committed the crime." Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999). Other Circuits have expressly rejected an ex post facto contention in the context of the AEDPA. See, Libby v. Magnusson, supra at 46-47 (Court rejected an ex post facto claim where petitioner filed a Habeas Corpus Petition prior to the enactment of the AEDPA, and then filed a second after the passage, finding that it was "pellucid that application of the AEDPA's requirements to the instant petition cannot work an ex post facto violation," as the AEDPA "simply limit[s] the circumstances under which the petitioner (or one similarly situated) may collaterally attack his conviction."); see also Hatch v. Oklahoma, 92 F.3d 1012, 1014 (10th Cir. 1995)(concluding that the AEDPA's provisions addressing second or successive Petitions do not infract the Ex Post Facto Clause), as modified by Daniels v. United States, 254 F.3d 1180, 1188 n. 1 (10th Cir. 2001); Seymour v. Walker, 224 F.3d 542 (6th Cir. 1999), quoting Dobbert v. Florida, 432 U.S. 282, 293 (1977)(concluding that, because the AEDPA "'neither made criminal a theretofore innocent act, nor aggravated a crime previously committed, nor provided a greater punishment, nor changed the proof necessary to convict,' its application," to a petitioner who filed a second habeas petition, after the AEDPA's effective date, was not a violation of the Ex Post Facto Clause, even when the first petition was filed pre-AEDPA), cert. denied, 121 S.Ct. 1643 (2001); Mancuso v. Herbert,
(continued...)

Our Court of Appeals has not specifically addressed this ex post facto issue and, given the circumstances presented here, we also find little need to do so, except by footnote. However firmly the Petitioner holds his ex post facto argument, the simple answer is that, if it had merit, it should have been raised in conjunction with his second Section 2255 Motion; in his request for a Certificate of Appealability; in a request for Rehearing to the Court of Appeals for the Seventh Circuit; in his request to that Appeals Court to recall the Mandate in his original criminal case; or in an

---

[7](...continued) 166 F.3d 97, 101 (2nd Cir. 1999)("We conclude that the AEDPA applies to a habeas petition filed after the AEDPA's effective date, regardless of when the petitioner filed his or her initial habeas petition and regardless of the grounds for dismissal of such earlier petition."), cert. denied, 527 U.S. 1026 (1999).

Other Courts have concluded that, "if [a petitioner] can show that he would have been entitled to pursue his second petition under pre-AEDPA law, then the Landgraf [v. USI Film Products, 511 U.S. 244 (1994)] default rule prohibits applying AEDPA's new substantive gatekeeping provisions to bar his claims." In re Minarik, 166 F.3d 591, 602 (3rd Cir. 1999); see also, United States v. Ortiz, 136 F.3d 161, 166 (D.C. Cir. 1998); In re Sonshone, 132 F.3d 1133, 1134 (6th Cir. 1997); In re Hanserd, 123 F.3d 922, 930 (6th Cir. 1997).

Neither line of decisions -- which are not, necessarily, at odds -- assists the Petitioner here, as our Court of Appeals has specifically held that the "AEDPA did not substantively change the procedural default cause and prejudice analysis," and concluded, under circumstances paralleling those presented here, that, when a successive Habeas petition is filed "after AEDPA's effective date, the case is governed by the AEDPA." Nims v. Ault, 251 F.3d 698, 701 n. 3 (8th Cir. 2001).

appeal to the United States Supreme Court from the adverse rulings of the Seventh Circuit Court of Appeals. The Petitioner, however, makes no showing that any such request for relief was presented to any Court, other than to this one and, more importantly, he proffers no cogent showing that this Court has jurisdiction to address a claim which he failed to timely present to the Federal Courts that, admittedly, had jurisdiction to grant relief, if relief were warranted.

Moreover, when stripped of its bald hyperbole, the Petitioner's request for relief, under Section 2241, asks for no less than that we second-guess the Sentencing Court on an issue that is uniquely fact-dependent. While the Petitioner glosses the Sentencing Court's adjustment of his sentence under Section 3B1.1, and urges that the facts before the Sentencing Court did not support that adjustment, he does not present us with a transcript of his Trial, or with any of the other testimonial evidence, upon which the Sentencing Court based its aggravating conduct finding. Notably, the Sentencing Court expressly found that the Petitioner was a "leader," under Section 3B1.1, and that he "controlled at least the activities" of no fewer than two other persons. Petitioner's Appendix, at A-54. Other than his flat, and non-specific, condemnation of that finding, the Petitioner does not offer a responsible basis for us to reject a factual finding, which is based upon the

Sentencing Court's singular opportunity to assess the credibility of the Petitioner, and of his accusers. Simply put, even if we concluded that the Petitioner should be allowed to file a successive Section 2255 Motion, he has failed to support the substantive issue, which is raised by that Motion, with competent proof.

Lastly, under the governing law of this Circuit, the substantive argument that the Petitioner here makes, is without legal merit. In United States v. Reedy, 30 F.3d 1038 (8th Cir. 1994), the defendant pled guilty to a charge of conspiring to distribute methamphetamine, and the Sentencing Court applied a three-level upward adjustment in the offense level, finding that the defendant was a manager or supervisor of the drug conspiracy. The defendant contended that the Sentencing Court erred in awarding the upward adjustment because, after his sentencing, the Sentencing Commission promulgated Amendment 500 to U.S.S.G. §3B1.1(b) which, in the defendant's view, would have shortened the length of his sentence. The Court of Appeals affirmed the Sentencing Court, holding as follows:

> We reject [the defendant's] argument for two reasons. First, "[t]he court, in determining the particular sentence to be imposed, shall consider -- * * * (4) the kinds of sentence and the sentencing range * * * that are in effect on the date the defendant is sentenced * * *." 18 U.S.C. §3553(a)(4), quoted in United States v. Manuel, 912 F.2d 204, 207 (8th Cir. 1990). Second, absent directions by the

> Guidelines Commission to the contrary, "[t]he court shall use the Guidelines Manuel [sic] in effect on the date that the defendant is sentenced." U.S.S.G. §1B1.11(a).
>
> * * *
>
> [The defendant] contends that he does not seek retroactive application of an amended guideline but rather the application of a new explanatory note that defines the meaning of an unamended guideline. Given the holding in [United States v.] Grady[, 972 F.2d 889 (8th Cir. 1992)], we find this to be an unpersuasive argument.

Id. at 1039.

In effect, the Court determined that Amendment 500 was not a clarification of Section 3B1.1(b), but was a substantive change, given its alteration of the Court's previous construction of that Section. See also, United States v. Capers, 61 F.3d 1100, 1110 (4th Cir. 1995)(citing Reedy, and concluding "that the 1993 amendment to the commentary of U.S.S.G. §3B1.1 is not a mere clarification because it works a substantive change in the operation of the guideline in this circuit," thereby having "the effect of changing the law in this circuit."). Accordingly, even if the Petitioner obtained the Habeas review, that he here seeks, his Petition would, absent a reversal of Reedy, be denied. Nevertheless, finding that we have no jurisdiction to entertain his Petition, under Section 2241, we recommend that it be dismissed.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petition for a Writ of Habeas Corpus [Docket No. 1] be dismissed.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than September 14, 2001**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than September 14, 2001**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.